**MARTIN, Plaintiff-Appellant, v. TRUSTEES OF BEAVER TOWNSHIP, Defendant-Appellee.**

Ohio Appeals, Seventh District, Mahoning County.

No. 3247.

John Ruffalo, Jr., Youngstown, for plaintiff-appellant.
William A. Ambrose, Pros. Atty., Harold H. Hull, Asst. Pros. Atty., Youngstown, for defendant-appellee.

## OPINION

By BUCKLEY, J.

This appeal came on to be heard upon questions of law arising out of the sustaining of a demurrer by the trial court on the ground that the petition as filed herein does not state a cause of action. The plaintiff-appellant upon the sustaining of the demurrer declined to plead further, and the court entered judgment for the defendant-appellee against the plaintiff-appellant.

From this order the plaintiff-appellant files the following assignments of error, to-wit:—

"First: The court erred in sustaining defendant-appellee's demurrer, and in rendering a judgment upon such verdict for the defendant-appellee.

"Second: That the sustaining of the demurrer and directing judgment for the defendant-appellee is contrary to law.

"Third: That the court erred in depriving the plaintiff-appellant the right of trial by jury, guaranteed to him under the Constitution of the United States and the Constitution of the State of Ohio.

"Fourth: That the court erred in depriving the plaintiff-appellant his rights, privileges and immunities under the laws and Constitution of the State of Ohio, and under the laws and the Constitution of the United States.

"Fifth: The court committed a grievous error in usurping the power or province of the jury in the determination of the cause.

"Sixth: Other errors apparent on the record."

In considering the third, fourth and fifth assignments of error this court does not find that there was any deprivation of a right of trial by jury or of privileges and immunities guaranteed under the Constitution and laws of the State of Ohio and of the United States. We find that there was no violation or usurping of the power or province of the jury

in the determination of the cause; because first and foremost before being legally in court to seek the remedies under the law it is necessary that the plaintiff-appellant present to the court a petition properly·stating a cause of action as the same is defined and set forth under the laws of the State of Ohio and the Constitution of the United States.

Coming now to the first and second assignments of error, to-wit: That the trial court erred in sustaining defendant-appellee's demurrer, and in rendering a judgment for the defendant-appellee; and that the sustaining of the demurrer and directing judgment for the defendant-appellee is contrary to law. This court is of the opinion that such assignments of error are not well taken.

Sec. 3298-17 GC provides as follows:—

"Each board of township trustees shall be liable, in its official capacity for damages received by any person, firm or corporation, by reason of the negligence or carelessness of said board of trustees in the discharge of its official duties."

From the provisions of the foregoing section of the General Code it is the opinion of this court that the acts, or failure to act, in a given set of circumstances must be in the official capacity of the board of township trustees; and that the petition, to be proper, must allege that the action of the township trustees, or its failure to act, must be in its official capacity.

This conclusion seems to be the law as laid down in the case of **Gause v. Peeler, 41 Oh Ap 192,** wherein the court of appeals for Richland county stated:—

"It is charged that his (Gause) injury is the direct result of the failure of the township trustees to perform the duties imposed upon them by law, and that in their failure to perform these duties they were negligent."

It is the opinion of this court that the opinion in the case cited above states concisely the allegations which must of necessity appear in a petition in order to give it a valid standing and to state a cause of action. In the petition filed in this case, to which the demurrer was sustained, these allegations do not appear; and for this reason it is the opinion of this court that the demurrer was properly sustained on the ground that the petition did not state a cause of action.

It is true that the trial court sustained the demurrer on other grounds holding that the duty of the township trustees

to keep a road in repair related only to the travelled portion of the road and the use of it by the travelling public. This court is not prepared in this case to rule on this proposition, as it does not believe the question to be presented at this time.

If the proper allegations, as the same were set forth in the Gause case, were in the petition being reviewed we might then come to the reasoning of the trial court; but since it is not necessary to go beyond the allegations of the petition to determine that the demurrer was properly sustained we will not proceed beyond the boundaries of the corners of the petition.

It is the opinion of this court that since the instant petition fails to allege that the damages claimed by the plaintiff were the direct result of the failure of the township trustees to perform the duties imposed upon them by law and that they were negligent in their official capacity in the performance of these duties that the demurrer was properly sustained by the trial court.

The judgment of the trial court is hereby affirmed.

NICHOLS, J, Concurs.
PHILLIPS, PJ, Concurs in Judgment.